```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF PENNSYLVANIA


SHIRLEY IRWIN, et al.,      )
                            )
          Plaintiffs,       )    Civil Action No. 05-768
                            )
     v.                     )    Judge Flowers Conti
                            )    Magistrate Judge Caiazza
TRAVELERS CASUALTY          )
COMPANY OF CONNECTICUT,     )
et al.,                     )
                            )
          Defendants.       )
```

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### I. RECOMMENDATION

It is respectfully recommended that the Defendants' Motion to dismiss or for change of venue (Doc. 3) be denied.

### II. REPORT

The Plaintiffs have filed this diversity action against the Defendants ("the Defendants" or "Travelers")[1] under an automobile insurance policy issued to Jack Irwin ("the Policy"). *See generally* Compl. The Plaintiffs seek recovery under the Policy's underinsured motorist provisions and Pennsylvania's bad faith statute. *See id.* at Count I; *id.* at Count II (citing 42 Pa. Cons. Stat. § 8371).

---

[1] The named Defendants are Travelers Casualty Company of Connecticut and Travelers Insurance Company. *See generally* Compl. (Doc. 1). Neither the Complaint nor the Defendants' moving papers identify any meaningful distinction of identity between the two entities. *Compare id. with, e.g.*, Defs.' Mot. at 1, 6 (seeking dismissal of both Defendants under same legal theories). Accordingly, the District Court may refer to the Defendants collectively as Travelers.

Although this case has been filed in the Western District of Pennsylvania, it has connections with the Middle District as well.  Specifically, the Plaintiffs did and continue to reside in Huntingdon, Pennsylvania, *see* Compl. at ¶ 1; the Policy was issued to them at an address in Huntingdon, *see* Ex. 1 to Compl. (Policy "Declarations") at 1; and the automobile accident occurred in State College, Pennsylvania.  *See* Compl. at ¶ 6.  Defense counsel represents, and the Plaintiffs do not dispute, that the aforementioned locations fall within the Middle District of Pennsylvania.

Travelers asserts venue is improper under 28 U.S.C. § 1391(a)(2), which provides that a diversity case may be brought in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *See* Defs.' Mot. at 4, ¶ 13 (citing and quoting same).

While this certainly is one place venue would be proper, the Defendants' Motion overlooks Section 1391(a)(1).  That provision allows for venue in "a judicial district where any defendant resides, if all defendants reside in the same State." *See id.*  The statute defines residency as "any judicial district in which [a corporate defendant] is subject to personal jurisdiction at the time the action is commenced."  *See id.* at § 1391(c).

The Plaintiffs aver that Travelers has a "Claims Service Center" in Pittsburgh, at the mailing address "P.O. Box 1538, Pittsburgh, PA 15230." *See* Compl. at ¶¶ 2, 13. The Defendants offer no evidence to rebut this allegation, and it therefore is taken as true for the purposes of Section 1391. *See* Barela v. Experian Info. Solutions, Inc., 2005 WL 770629, *1 (N.D. Ill. Apr. 4, 2005) (although plaintiffs bear burden once venue is challenged, court accepts their well-pleaded allegations as true, unless contradicted by affidavits or other appropriate evidence) (citing collected authority).[2]

In light of the Pittsburgh Service Center, the court cannot imagine how Travelers is not subject to personal jurisdiction under the "general jurisdiction" theory. *See* Pinker v. Roche Holdings Ltd., 292 F.3d 361, 369 n.1 (3d Cir. 2002) ("general jurisdiction . . . is established when a defendant's contacts with the forum are continuous and systematic," and "[i]f general jurisdiction exists, the contacts between the defendant and the forum need not be specifically related to the underlying

---

[2] Aside from the Defendants' failure to dispute the Plaintiffs' well-pleaded allegations, Travelers' website confirms that a Pittsburgh service center exists at the identified address. *See* website at http://www.travelers.com/spt01portalmain.asp?startpage=/claim_services/pl/index.asp (Travelers' "Pittsburgh Service Center" is located at "P.O. Box 1538 Pittsburgh, PA 15230-1538"). The District Court may take judicial notice of this fact. *See, e.g.*, American Rock Salt Co., LLC v. Norfolk Southern Corp., 228 F.R.D. 426, 457-58 (W.D.N.Y. 2004) (taking judicial notice of information on corporation's website because it was "capable of accurate and ready determination from [a] source[] whose accuracy [could ]not reasonably be questioned") (citing and quoting Fed. R. Evid. 201(b)(2)); Cali v. East Coast Aviation Servs., Ltd., 178 F. Supp.2d 276, 287 n.6 (E.D.N.Y. 2001) (same).

cause of action") (citations and internal quotations omitted). Travelers "resides" in the Western District of Pennsylvania for the purposes of Section 1391, and the Defendants' venue challenge is without merit.[3]

The only other matter warranting comment is the Defendants' reference to 28 U.S.C. § 1404(a). *See* Defs.' Br. (Doc. 4) at 4. Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *See id.* The burden under this statute rests with the Defendants, and "the [P]laintiff[s'] choice of venue should not be lightly disturbed." *See* Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (citations and internal quotations omitted).

In Jumara, the Third Circuit Court identified the factors to be considered in deciding whether a transfer is appropriate. *See generally id.* at 879-80. They include:

---

[3]  Although the District Court need not address specific jurisdiction, the Plaintiffs' pleadings support jurisdiction under that theory as well. *See* Compl. at ¶ 13 (alleging that Travelers' actions in this case "have emanated from the . . . Pittsburgh Claims Service Center"); *see also, e.g., id.* at ¶¶ 14-19 *and* Exs. 6-9 (discussing and attaching oral and written communications between Plaintiffs' counsel and Travelers agents in Pittsburgh).

    (1)    the plaintiffs' forum preference as manifested in their original choice of venue;

    (2)    the defendants' forum preference;

    (3)    the extent to which the plaintiffs' claims arose outside the forum of choice;

    (4)    the convenience of the parties, as indicated by their relative physical and financial conditions;

    (5)    the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora;

    (6)    the location of books and records, but only to the extent that the relevant files cannot be produced in the alternative forum;

    (7)    the enforceability of the judgment;

    (8)    practical considerations that could make the trial easy, expeditious, or inexpensive;

    (9)    the relative administrative difficulty in the two fora resulting from court congestion;

    (10)   the local interest in deciding local controversies at home;

    (11)   the public policies of the fora; and

    (12)   the familiarity of the trial judge with the applicable state law in diversity cases.

*See id.* (numerous citations omitted).

Having raised Section 1404(a) only in passing, *see* Defs.' Br. at 4, the Defendants obviously have not carried their burden under <u>Jumara</u>.  *See generally* discussions *supra*.

Even reaching the relevant considerations, Travelers fares little better. Factors (1) and (4) favor the Plaintiffs' choice of forum[4]; factor (2) favors the Defendants, as does (3), but only slightly[5]; the court independently concludes that factors (9), (11), and (12) create no preference; and the Defendants have offered no proofs regarding factors (5), (6), (7), (8), and (10).[6]

Travelers has failed to show that the factors favoring a transfer outweigh the Plaintiffs' substantial interests as the masters of their own lawsuit. The Defendants' request for a change of venue should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, objections to this report and recommendation are due by January 27, 2006.

---

[4] Factor (4), the convenience of the parties given their relative physical and financial conditions, favors the Western District. While plaintiffs typically prefer litigating their cases close to home, the Irwins clearly have expressed a desire to proceed in this venue. Accordingly, factor (4) runs in their favor.

[5] *See generally* discussions *supra* (revealing that, although accident occurred in Middle District and Policy was issued there, Plaintiffs aver that material actions were taken by Travelers in Pittsburgh).

[6] Factor (5) implicates the Defendants' assertion, "upon information and belief," that most "medical and non-medical witnesses reside within the Middle District of Pennsylvania." *See* Defs.' Mot. at 5, ¶ 19. Information and belief allegations are not sufficient to carry the Defendants' burden here. *Cf. generally* discussion *supra* in text (defendants bear burden of showing transfer is appropriate, and plaintiffs' choice is not lightly disturbed). The Defendants' statement, moreover, says nothing regarding the key inquiry, *i.e.*, whether such witnesses may be unavailable for trial in the Western District. *See* factor (5), *supra*.

Responses to objections are due by February 6, 2006.


cc:

Brooks R. Foland, Esq.
Thomas, Thomas & Hafer
305 North Front Street
P.O. Box 999
Harrisburg, PA  17108

Michael H. Rosenzweig, Esq.
Edgar Snyder & Associates
10th Floor, U.S. Steel Tower
600 Grant Street
Pittsburgh, PA  15219-2705

*/s/ Francis X. Caiazza*
Francis X. Caiazza
U.S. Magistrate Judge